Citation Nr: 1302155 
Decision Date: 01/18/13 Archive Date: 01/23/13

DOCKET NO. 07-40 198 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUE

Entitlement to service connection for a respiratory disability, to include bronchitis, chronic obstructive pulmonary disease (COPD), and emphysema.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

C. Lawson, Counsel

INTRODUCTION

The appellant is a Veteran who served on active duty from January 1967 to August 1968. This matter is before the Board of Veterans' Appeals (Board) on appeal from a June 2006 rating decision by the Chicago, Illinois Department of Veterans Affairs (VA) Regional Office (RO). In September 2009, a Travel Board hearing was held before the undersigned; a transcript of the hearing is associated with the claims file. The case was previously before the Board in February 2010 and August 2011, when it was remanded for additional development. 

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

The Veteran seeks service connection for a respiratory disability, to include bronchitis, COPD, and emphysema. In August 2011 the case was remanded for an examination of the Veteran to secure an opinion as to whether it is at least as likely as not that his current respiratory disabilities (each) are related to service (and specifically to the respiratory complaints noted therein). The examiner was to explain the rationale for the opinion, and to specifically comment on the notation in service of a history of pneumonia and chronic bronchitis. 

The report of a September 2011 VA examination (and addenda) note that the Veteran has COPD and has had several instances of pneumonia. While noting exposure to gas in service, the report and addenda do not discuss notations in the Veteran's STRs, and do not include comment regarding the significance of the complaints/findings in service. The examiner opines, in essence, that exposure to gases in service may or may not have caused or aggravated the Veteran's COPD (depending on the type of gases, duration, and severity of exposure and individual reaction to the exposure), but that without more information this could not be stated without resort to speculation. There is no indication that the examiner sought to elicit such information from the Veteran. Regardless, as the report and addenda do not discuss the significance of findings in service, they are inadequate for rating purposes and must be returned for compliance with instruction in the prior remand. RO compliance with a Board remand is not discretionary. It is well-established in caselaw that if an RO fails to comply with the terms of a remand, another remand for corrective action is required. Stegall v. West, 11 Vet. App. 268 (1998).

Because the record is voluminous (and in an effort to avoid further remand), the Board will summarize pertinent STRs and postservice treatment records (to help ensure that they are properly considered). 

The Veteran entered service in January 1967. In February 1967 he was seen with a complaint of a long-lingering chest cold with a history of pneumonia, and chronic bronchitis. He had a reddish pharynx, his lungs were clear, and he was admitted to the upper respiratory infection ward. In December 1967, he reported that he had low back pain that started with a cough 4 days prior. His lungs were clear. In April 1968, he had upper respiratory infection symptoms to include a nonproductive cough. On evaluation of his lungs, all fields were clear. On July 1968 service discharge examination, the Veteran denied having asthma, shortness of breath, and a chronic cough. He reported chronic or frequent colds (which the examiner characterized as mild). On physical examination, his lungs and chest were normal. 

A November 1997 private medical record is the earliest pertinent postservice medical record of record. It notes that the Veteran complained of nasal congestion and denied chest pain. His lungs were clear. On August 1998 private evaluation, he reported that he occasionally coughed yellow sputum, but denied shortness of breath, chest pain, and wheezing. Sinusitis was assessed on each occasion. On January 1999 private evaluation, he denied cough, chest pain, and shortness of breath. His lungs were clear with good air entry and no adventitious sounds. On January 2001 private evaluation, he denied shortness of breath and all lung fields were clear. In January 2002, he reported a cough and runny nose for 48 hours. He was having constant coughing attacks and mild bronchospasm. The assessment was acute bronchitis with bronchospasm. Two days later, pneumonia was assessed. On February 2002 private evaluation, pneumonitis was diagnosed. A November 2002 private pulmonary function study found mild obstructive physiology without evidence of reversible bronchospasm. An April 2005 private CT scan of the Veteran's chest showed early emphysematous changes and no other significant findings. The instant claim was filed in July 2005. COPD and pneumonia (apparently in the past) were diagnosed on September 2011VA examination. 

The Board also notes that the record suggests that there are pertinent treatment records that are outstanding. The most recent treatment records available for review are dated in April 2005 (the Veteran was subsequently examined by VA). Such records must be secured (as they may contain information regarding the nature and etiology of the Veteran's respiratory disability).

Accordingly, the case is REMANDED for the following:

1. The RO must secure for the record copies of the complete records of treatment the Veteran has received for respiratory problems since July 2005. The Veteran must assist in this matter by providing identifying information and all releases necessary. 

2. After the development sought above is completed, the RO should again arrange for the Veteran to be examined by a pulmonologist to determine the nature and likely etiology of any (and each) current respiratory disability. The Veteran's claims file (to include this remand) must be reviewed by the examiner in conjunction with the examination, and all indicated tests or studies should be completed. Based on examination and interview of the Veteran and review of the record, the examiner should: (a) identify (by clinical diagnosis) each respiratory disability found on examination (or shown by the record since the Veteran's claim was filed in July 2005), and (b) as to each diagnosed respiratory disability entity diagnosed, opine whether such is at least as likely as not (a 50 percent or better probability) related to the Veteran's service, and specifically to his respiratory complaints noted therein. 

The examiner must explain the rationale for all opinions, citing to supporting factual data/medical as deemed appropriate. 

3. The RO should then review the record, ensure that all development sought is completed, and readjudicate the Veteran's claim. If it remains denied, the RO should issue an appropriate SSOC and afford the Veteran and his representative the opportunity to respond. The case should then be returned to the Board, if in order, for further review.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).


_________________________________________________
George R. Senyk
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2012).